ALLEN, Judge.
The appellant was the plaintiff below and the appellees were the defendants. The complaint was based on negligence arising from a motor vehicle collision. The defendants filed an answer alleging contributory negligence on plaintiff’s part. The defendants took the deposition of the plaintiff and the plaintiff took the deposition of the defendant, John Wesley Booth, the driver of the defendant’s oil truck. The defendants filed a motion for summáry judgment primarily on the ground that the pleadings and depositions showed that plaintiff was guilty of contributory negligence.
The plaintiff filed an affidavit from Julley Fulton, a witness to the accident, in opposition to defendant’s motion for summary judgment. The circuit judge ■entered an order granting summary judgment on the ground that plaintiff was guilty of contributory negligence.
We have studied the depositions of the parties at length, in addition to the affidavit of Julley Fulton filed in opposition to the *38 defendant’s motion for summary judgment, and have come to the conclusion that the depositions of the parties, plus the affidavit in opposition to the summary judgment, present a clear cut jury question as to the contributory negligence of the plaintiff.
The affidavit of Julley Fulton states:
“My name is Julley Fulton and I live at Melbourne, Florida. I am married and am 28 years of age.
“On January 11, 1956, I was driving my car to work traveling West on New Haven Avenue, about 7:00 A. M. Annie Ruth Denmark was seated in front beside me. The weather was clear and the road was dry, it was good daylight. When we were about one-half block East of Waverly Place, I noticed the traffic light ahead was red, then I suddenly saw a Gulf tank truck pull out of a service station on the South side near Waverly Place which came straight across New Haven Avenue and if I had not swerved my car to my right, I would have hit this truck.
“In the meantime, the traffic light had changed to green and I saw a pickup truck coming East, driven by Melvin Byrd, which the tank truck had cut in front of and caused a collision in the center of the street. Melvin had started his car off from the West side of Waverly Place when the light changed to green.”
The deposition of the plaintiff discloses that he was proceeding east on New Haven Avenue, approaching the intersection of New Haven and Waverly Place; that he stopped for a red light; that a car was in front of him which turned to the right on Waverly Place proceeding south; that after the green light came on he proceeded some 75 to 100 feet from the light when the Gulf Oil truck pulled out from a filling station located on the southeast corner of the intersection of Waverly Place and New Haven Avenue; that from the first time he saw the oil truck there was not time to apply his brakes, and that the first thing he saw of the oil truck was a shadow of the oil truck; that he did not see this truck as the sun was behind it and was just coming up in the morning, and just as each saw the other he tried to make a cross on his side of the line in front of the plaintiff and the plaintiff hit him from the left side; and that the left hand side of the Gulf Oil truck was the part that came in contact with the plaintiff’s truck.
Apparently the lower court based its decision against the plaintiff on the ground of contributory negligence because of the statement that he did not see the truck until he hit it. The record discloses that the defendant’s truck pulled across in front of the plaintiff so the situation would not be the same as that prevailing in the vision cases as the plaintiff must necessarily keep eyes ahead on the road and a failure to see what he should see is evidence of contributory negligence but it does not show that as a matter of law plaintiff would be guilty of contributory negligence if a car crossed his lane of traffic without the plaintiff’s seeing the truck.
 Summary judgment may be granted only where the admissions, depositions, affidavits, or other forms of evidence show that there is no genuine issue of fact and that the movant is entitled to a judgment as a matter of law. The burden of proof is upon the moving party to show a complete lack of a genuine issue of fact and all doubts and inferences as to the existence of such fact or facts must be resolved against the movant. No factual determinations should be made by the trial judge. If there is any question or any doubt as to issues presented, such facts must be left for a trial of the issues. See Shaffran v. Holness, Fla.1957, 93 So.2d 94; Jones v. Stoutenburgh, Fla.1956, 91 So.2d 299; Manning v. Clark, Fla.1954, 71 So.2d 508; Johnson v. Studstill, Fla.1954, 71 So.2d 251; and Humphrys v. Jarrell, Fla.App.1958, 104 So.2d 404.
*39 The above cause is hereby reversed for further proceedings not inconsistent with this opinion.
Reversed.
KANNER, C. J., and PATTERSON, TERRY B., A. J., concur.