117 So.2d 531 (1959)
Martha B. MAJESKE and William B. Majeske, Her Husband, Appellants,
v.
PALM BEACH KENNEL CLUB, Appellee.
No. 1295.
District Court of Appeal of Florida. Second District.
October 2, 1959.
Rehearing Denied February 9, 1960.
*532 Tylander & Simpson, West Palm Beach, for appellants.
Jones, Adams, Paine & Foster, West Palm Beach, for appellee.
DREW, E. HARRIS, Associate Judge.
This is an appeal from a final summary judgment in favor of the defendant Palm Beach Kennel Club in an action for the recovery of injuries alleged to have occurred when the plaintiff Martha B. Majeske was descending a flight of stairs at the dog track operated by the defendant kennel club. The negligence alleged in the complaint as the proximate cause of plaintiff's injuries was the careless and negligent keeping and maintaining of a series of steps with treads and risers of such irregular widths and height as to create a dangerous condition to a person descending the series of steps, and the failure of the defendant to warn the plaintiff of said dangerous condition. The plaintiff further alleged that because of the breach of defendant's duty, as aforesaid, and without any negligence on her part while descending such steps, she missed her footing and fell with great force and violence, seriously injuring herself.
The able trial judge, in granting the summary decree in favor of the kennel club, opined:
"From what appears in the record, a jury could only indulge in pure speculation as to what caused the accident. Certainly, with `both feet on the steps as I fell forward just like I was ready to take another step down' as the evidence, only guesswork could determine the cause, much less the responsibility."
The facts revealed in the affidavits are relatively simple. The fourth step from the bottom of the stairs had a tread of 19 7/8th inches and a height above the step below of 6 1/4 inches. The width of the next step descending was 13 1/4th inches with a riser of 6 3/8th inches. The next step had a width of 10 1/2 inches, the riser was 5 3/8ths inches and the bottom step had a width of 11 1/2 inches and a height of 7 3/8ths inches above the floor at that point. The question of whether these steps were constructed in a proper and safe manner for the use of the patrons in this crowded place of public amusement, particularly in the light of what the Supreme Court has said with reference to such places in a suit involving this same plant,[1] was adequately established on the defendant's motion for summary judgment by an affidavit of Mr. John L. Volk, an architect, that:
"safe construction of stairs, especially in public places, dictates that the height of risers and widths of treads be uniform and consistent; that if the stairs in an aisle to be used by the public at a dog track are constructed and maintained in such a way that would result in a series of steps with risers and treads of varying heights and widths, as follows: [then followed details of measurements of each step, the last four of which have been above delineated] such would not be constructed and maintained with good architectural practice and would create a hazardous condition dangerous to a person descending the stairs, especially between the third and second steps."
No affidavits were offered in opposition to this testimony of the architect. Therefore, it must be said to have been established on the motion for summary judgment *533 that the defendant kennel club was negligent in keeping and maintaining the stairs upon which plaintiff was injured in the manner described in the complaint. The eminent trial judge did not comment upon this fact in his summary judgment, having concluded from the pleadings and affidavits that the plaintiff had failed to establish the cause of her injuries because of the indefiniteness of her statements relating thereto.
From the affidavits and depositions, it is not entirely clear just at what point in the steps the plaintiff fell. In a sworn statement taken the day after the accident Mrs. Majeske stated, in response to a question of how the accident occurred, that she stepped down and the next thing she knew she was all the way down. She further stated that she thought she fell four steps but she wasn't sure. In a deposition taken some year and three months later, she stated, with reference to the place where she fell,
"A. As far as I remember both feet were on the steps as I fell forward just like I was ready to take another step down.
"Q. As far as you remember both feet were on the steps? A. As near as I can remember.
"Q. Do you remember how the accident occurred? A. No, I don't."
The substance of all of her testimony was that she was going down the stairs and that somewhere near the bottom she slipped and fell on her face and received very serious and painful injuries. She summed it up: "I was down on my face and the next thing I knew somebody tried to pick me up. That is when I got the pain in my arm." Particularly significant in connection with the question of where and under what circumstances the accident occurred is the affidavit of a police officer employed by the kennel club filed in connection with the motion for summary judgment. He said:
"When I first saw this woman the track nurse and others were bringing her down to the first aid room. I then heard the Majeske woman say that she was two or three steps from the aisle when she fell and she remembered nothing further."
This statement was made immediately after the occurrence of the accident and we gather from the photograph and the other parts of the affidavit that the aisle referred to was a continuation of the fourth step with a tread width of 19 7/8th inches but it could be construed as having been the aisle which was a continuation of the second step with a tread of 10 1/2 inches.
The burden is upon the party moving for a summary judgment.[2] Such party must make it appear that he is entitled to a judgment as a matter of law. Insofar as factual matters are concerned, doubts and inferences must be resolved against the mover.[3] The defendant's negligence in keeping and maintaining the steps in the manner described having been, on the motion for summary judgment, established, the question of whether such negligence was the proximate cause of the plaintiff's injury could be proven as conclusively by circumstantial as by parole evidence.[4] Were this not the rule, the survivors of one killed in an accident where there are no eye witnesses would be precluded from recovery. Moreover, one rendered unconscious by an injury or having no knowledge of its cause or how it occurred would be placed in an untenable position with reference to proof. Circumstantial evidence, therefore, is clearly admissible. Where, as *534 here, a prima facie case of negligence on the part of the defendant is made to appear, and the plaintiff's injury is clearly shown, a jury would be entitled, without speculating, to draw reasonable inferences from all pertinent and lawful evidence. It would certainly be reasonable to infer or to assume that the injured party in this cause did not deliberately and designedly fall. Under the circumstances shown by this record, the faulty stairs, surrounding crowds and distractions, the question of proximate cause was one for the jury and we cannot say that a lawful inference that the defective steps were the proximate cause of the injuries could not have been reached.[5]
We recognize the salutary principle that the judgment of the trial court comes to us with a presumption of correctness. Nevertheless, in a situation such as that presented by the record in this case, the appellate court is in the same position as the trial court to determine the question of whether a summary judgment should be granted. If it reaches the conclusion that there exists a material issue of fact, the presumption of correctness disappears and it is the duty of the appellate court to reverse the cause. The presumption of correctness in such instances does not carry the same weight as in those cases where the trial court has had the opportunity of seeing and observing the witnesses and arriving at conclusions therefrom. Summary judgments have made a very substantial contribution to the speedy and efficient administration of justice in this State but, as the Supreme Court has often pronounced, the right to trial by jury is a concept so deeply imbedded in our jurisprudence that only in those cases where there is no issue whatever of a material fact and it is made to appear that the moving party is entitled to a judgment as a matter of law should one be granted.
We conclude that the learned trial judge was in error in entering the summary judgment in favor of the defendant. The cause is, therefore, reversed and remanded for further proceedings consistent herewith.
Reversed.
ALLEN, C.J., and KANNER, J., concur.
NOTES
[1] "Places of amusement where large crowds congregate are required to keep their premises in a reasonably safe condition commensurate with the business conducted.

"* * * reasonable care as applied to a race track requires a higher degree of diligence than it does when applied to a store, bank or such like place of business."
Terrell, J., speaking for the Court in Wells v. Palm Beach Kennel Club, 1948, 160 Fla. 502, 35 So.2d 720, 721.
[2] Byrd v. Booth, Fla.App. 1959, 110 So.2d 37.
[3] Williams v. City of Lake City, Fla. 1953, 62 So.2d 732; Fouts v. Household Finance Corp., Fla. 1954, 75 So.2d 772.
[4] Dehon v. Heidt, Fla. 1949, 38 So.2d 39; Byers v. Gunn, Fla. 1955, 81 So.2d 723.
[5] Byers v. Gunn, supra note 4.

"In a civil action when circumstantial evidence is relied upon to prove a fact essential to recovery, the particular inference of the existence of such fact arising from the circumstances established by the evidence adduced must outweigh all contrary inferences to the exent that it amounts to a preponderance of all reasonable inferences that might be drawn from the same circumstances." Mr. Justice Thornal for the Court in Tucker Brothers, Inc. v. Menard, Fla. 1956, 90 So.2d 908, 911. Also see Mansfield v. Acme Produce, Inc., Fla. 1957, 94 So.2d 843.