PER CURIAM.
We reverse defendants’ summary judgment. Rule 1.510, F.R.C.P., 31 F.S.A.; Holl v. Talcott, Fla.1966, 191 So.2d 40.
An invitee tripped and fell at the edge of a parking lot and the issue is the adequacy of the lighting. The quality and quantity of the lighting from the testimony of lay and expert witnesses was in dispute.
We do not feel that it can be said from the record at this stage, as a matter of law, that the premises were so dark as to authorize a finding that the injured .person in going forward was guilty of contributory negligence under authority of Rubey v. William Morris, Inc., Fla.1953, 66 So.2d 218. Rather, we think that the issues of negligence and contributory negligence were, at the least, in the twilight zone so as to make a jury question as was authorized in Delany v. Breeding’s Homestead Drug Co., Fla.1957, 93 So.2d 116, See also Winsemann v. Travelodge Corporation, Fla.App.1967, 205 So.2d 315.
The summary judgment entered in favor of defendants is reversed and the case remanded for proceedings consistent herewith.
Reversed and remanded.
WALDEN and MAGER, JJ., and MELVIN, WOODROW, Associate Judge, concur.