324 So.2d 135 (1975)
Shirley FLETCHER, Appellant,
v.
PETMAN ENTERPRISES, INC., Appellee.
No. 75-19.
District Court of Appeal of Florida, Third District.
December 9, 1975.
Rehearing Denied January 22, 1976.
*136 Colson & Hicks, Susan Goldman, Miami, for appellant.
Kates, Ress, Gomez & Rosenberg, North Miami, and Linda M. Rigot, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal in a negligence action from an order granting defendants' motion for summary judgment.
Plaintiff, Shirley Fletcher, filed a complaint for damages against defendant Petman Enterprises, Inc. d/b/a the Yorkshire Inn, and its liability insurer, Safeco Insurance Company of America, for injuries suffered as a result of a fall at 10:30 p.m. on March 31, 1973. Plaintiff alleged that on the evening in question, she and a male companion along with her sister and brother-in-law had dined at the Yorkshire Inn. Upon exiting, plaintiff and her sister sat on a bench in front of the inn while waiting for their car to be delivered. The bench was located approximately 8 3/4 inches above the driveway elevation and it was two steps down to the driveway pavement. When their car arrived, plaintiff got up from the bench, took a few steps, and, as testified in her deposition, the next thing she knew she had fallen. Plaintiff further testified she was unaware the steps existed because she entered the restaurant by walking up a ramp.
Plaintiff basically alleges (1) the steps were not of uniform design and construction, (2) the steps were not apparent, (3) there was inadequate lighting in the area, and (4) placement of the bench was improper.
Upon reviewing the propriety of a summary judgment, the classic inquiry is whether or not there remains genuine issues of material fact and if issues of fact exist and the slightest doubt remains, a summary judgment cannot be granted and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Fletcher Co. v. Melroe Manufacturing Co., Fla.App. 1972, 261 So.2d 191.
In the cause before us, we find there exists genuine issues as to material facts, i.e. design of the steps, adequacy of the lighting, etc. See Coburn v. Delmonico Hotel Corp., Fla.App. 1967, 203 So.2d 30; Winsemann v. Travelodge Corporation, Fla.App. 1967, 205 So.2d 315; Robinson v. Kiwanis Club of Delray Beach, Fla.App. 1972, 265 So.2d 387.
In addition, we note that although plaintiff was unable to recall precisely what caused her fall, this fact would not entitle defendants to summary judgment in that the record reveals plaintiff fell to the driveway directly below the steps and the jury would be entitled to consider, without speculating, and draw all reasonable inferences from the pertinent evidence as to the proximate cause of plaintiff's injuries. See Majeske v. Palm Beach Kennel Club, Fla.App. 1959, 117 So.2d 531.
The order granting summary judgment in favor of the defendants is reversed and the cause remanded to the trial court for further proceedings.