353 So.2d 892 (1977)
BARTLETT CONSTRUCTION, INC., Appellant,
v.
COASTAL PLAINS, INC. and Florida Mining and Materials Corp., Appellees.
No. 76-1961.
District Court of Appeal of Florida, Third District.
December 27, 1977.
Rehearing Denied January 23, 1978.
*893 Richard C. Carter, Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and Reginald L. Williams, Donald M. Coon, Miami, for appellees.
Before HENDRY, C.J., and HUBBART and KEHOE, JJ.
HENDRY, Chief Judge.
Appellant, plaintiff below, appeals from a summary final judgment rendered in favor of appellees, defendants below.
Appellant firstly contends that the trial court erred in rendering summary judgment at pre-trial conference in that the twenty (20) day notice requirement found in both Fla.R.Civ.P. 1.200(b) and 1.510(c), pertaining to pre-trial conferences and summary judgments, respectively, had not been observed by the court. Secondly, appellant contends that there existed certain genuine issues of material fact precluding the rendition of summary judgment.
As for appellant's first point, a review of the record discloses that the trial court, by order dated September 8, 1976, scheduled the pre-trial conference for September 17, 1976. The record is, however, devoid of any objection voiced by appellant concerning the premature scheduling of the conference. In that (1) the notice requirement of Fla.R.Civ.P. 1.510(c) is not jurisdictional, (2) appellant failed to object to the abbreviated time span and (3) implicit in every pre-trial conference is the possibility that summary judgment might be rendered, appellant's contention must be rejected. Roberts v. Braynon, 90 So.2d 623 (Fla. 1956); Blatch v. Wesley, 238 So.2d 308 (Fla. 3d DCA 1970), cert. den., 240 So.2d 645 (Fla. 1970); Raphael v. Koretzky, 102 So.2d 746 (Fla. 3d DCA 1958).
Appellant's second contention must be likewise rejected in that, by virtue of the record placed before this court, there are no genuine issues of material fact left unresolved by the proceedings below and it conclusively appears that appellees are entitled to summary judgment as a matter of law. See Fla.R.Civ.P. 1.510(c).
Accordingly, after carefully reviewing the record, all points raised in the briefs and arguments of counsel, it is our opinion that the final judgment appealed from must be affirmed.
Affirmed.