353 So.2d 1236 (1978)
William FULLER, Appellant,
v.
GENERAL MOTORS CORPORATION et al., Appellees.
No. 76-1998.
District Court of Appeal of Florida, Third District.
January 10, 1978.
Rehearing Denied February 2, 1978.
Preddy, Kutner & Hardy and Peter A. Miller, Miami, for appellant.
*1237 Pyszka, Kessler, Adams & Solomon, Richard M. Gale, Miami, for appellees.
Before HENDRY, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from a summary final judgment dated February 25, 1976, entered by the trial court in favor of appellees Cosmopolitan Mutual Insurance Company, Stephen Burke, Martin Burke, and Mirror Wall, Inc., defendants below. We have concluded that the trial court did not err in entering the summary final judgment; therefore, it is affirmed.
Appellant contends that the trial court erred by entering the summary final judgment and by failing to grant his motion for a rehearing because at the time of entry there existed a genuine issue of material fact. Also, appellant contends that the trial court erred in granting the summary final judgment because all discovery had not been completed.
A review of the record reveals the following pertinent dates:

 June 6, 1976  appellant filed his complaint.
 January 19, 1976  appellees filed their motion for summary
 judgment.
 February 24, 1976  trial court entered order setting hearing on
 motion for summary judgment for February 24,
 1976.
 February 26, 1976  summary final judgment entered.
 March 1, 1976  appellant filed petition for rehearing of order
 granting summary final judgment.
 September 27, 1976  hearing on appellant's petition for rehearing.
 October 1, 1976  trial court entered order denying petition for
 rehearing.

Our review of the record reflects, as of the time of the hearing on appellees' motion for summary judgment, appellant did not indicate to the trial court that any further discovery was necessary. Pursuant to Fla.R.Civ.P. 1.510(f), appellant could have moved for a continuance to complete discovery or submit affidavits in opposition to appellees' motion for summary judgment. Further, it appears that appellant did not advise the trial court of any distress, inconvenience, surprise, disadvantage, etc., in regard to the conduct of the hearing as scheduled. Therefore, based on the record, it does not appear that the trial court committed any reversible error by proceeding with the hearing on appellees' motion for summary judgment without permitting appellant the opportunity for any further discovery.
Appellant's contention that a genuine issue of a material fact existed is also without merit. Appellant relies upon the deposition of Stephen Burke as creating a genuine issue of a material fact. Our review of the record in regard to this point shows that this deposition was not filed until September 22, 1976, after the hearing on the motion for summary judgment and after the summary final judgment was entered on February 26, 1976. We also note that the deposition was one taken in another circuit court proceeding, and that it was filed after the petition for rehearing was filed on March 1, 1976. The record does not reveal that the deposition was ever brought to the attention of the trial court; if it had been, it might have created a genuine issue of a material fact. However, based on the instant record, we conclude that, as did the trial court, no genuine issue of a material fact existed so as to preclude the granting of appellees' motion for summary judgment on February 26, 1976, and that the appellant's petition for a rehearing on the order granting the summary final judgment was properly denied. See Fla.R.Civ.P. 1.510.
For the above stated reasons, the summary final judgment entered by the trial court is affirmed.
Affirmed.