362 So.2d 84 (1978)
Ellen K. ROACH, Appellant,
v.
Mrs. John (Helen) RAUBAR, Appellee.
No. 77-2099.
District Court of Appeal of Florida, Third District.
August 15, 1978.
Edward A. Sirkin and David S. Wieder, Miami, for appellant.
John W. Fowler, Miami, for appellee.
Before PEARSON and KEHOE, JJ., and PIERCE, WILLIAM C. (Ret.), Associate Judge.
PEARSON, Judge.
Ellen K. Roach, the plaintiff below, brings this appeal from a final judgment entered upon a directed verdict for the defendant, Helen Raubar. The directed verdict was entered for the defendant at the close of the plaintiff's case. We reverse upon a holding that the evidence presented showed a prima facie case. See Brookbank v. Mathieu, 152 So.2d 526 (Fla. 3d DCA 1963).
The plaintiff testified that she was ascending the steps of an apartment house owned and operated by the defendant and that as she reached the top (third) step, she fell. Photographs admitted into evidence showed that the top step was badly broken and damaged with large chunks broken from the lip of the step. Plaintiff did not testify that the broken step caused her to fall. Presumably, for this reason, the trial court entered the directed verdict and the defendant here urges that the directed verdict was proper because to hold that the plaintiff fell because of the defective condition would be to place an inference upon an *85 inference, relying upon Commercial Credit Corporation v. Varn, 108 So.2d 638 (Fla. 1st DCA 1959).
We hold that the principle stated in the Commercial Credit Corporation case is not applicable here because the defective condition of the step was not a presumption but must be regarded as a fact from the photographic evidence and plaintiff's testimony. Under the circumstances of this case, the jury would be entitled to find that the plaintiff's fall was occasioned by the defective condition inasmuch as the evidence shows that the fall occurred at the time and place where the defective condition existed. Cf. Fletcher v. Petman Enterprises, Inc., 324 So.2d 135 (Fla. 3d DCA 1975); and Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959).
The final judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.