495 So.2d 247 (1986)
Donald ADKINS, Appellant,
v.
ECONOMY ENGINEERING COMPANY and Saf-T-Green of Jacksonville, Inc., Appellees.
No. 85-2269.
District Court of Appeal of Florida, Second District.
September 26, 1986.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., and Butler & Apgar, P.A., Tampa, for appellant.
Charles W. Pittman and Ted R. Manry, III of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
PER CURIAM.
The plaintiff appeals a final summary judgment for defendants in this products liability case. Count I of plaintiff's complaint alleged a cause of action in strict liability, and Count II of the complaint alleged negligence. We affirm the summary judgment for defendants.
The plaintiff sustained injuries when he fell from a scissors-lift work platform while pressure cleaning a building. The platform was manufactured by appellee Economy Engineering Company and sold by appellee Saf-T-Green of Jacksonville, Inc. The plaintiff's complaint alleged that the work platform was defective and unreasonably *248 dangerous because the side railings and chains were not high enough to prevent a person from falling over the side of the platform.
The plaintiff sustained head injuries when he fell, and he has no recollection of what caused the accident. One coworker was present at the time of the accident and testified that the plaintiff was on the platform which was being raised or had been raised to its extended position when the coworker turned away to look at something across the street. When he heard a noise, he turned back around and saw plaintiff falling through the air. He did not see what caused the fall. There is no indication in the record of how long a time passed between the coworker looking away and the beginning of the fall.
Because there is no competent evidence, direct or circumstantial, concerning the cause of the fall or where plaintiff was located or what he was doing when he fell, for plaintiff's cause of action to succeed it must be assumed that plaintiff was standing on the platform inside the railings, that for some reason he fell, and that the railings were too low to prevent his falling over the railings to the pavement below. However, other equally reasonable assumptions are possible, such as that plaintiff was sitting or standing or climbing on the railings, in which case the alleged low height of the railings would have had no effect on preventing the fall.
The plaintiff has the burden of proving his cause of action. In this case the record before the trial court failed to show the existence of any facts from which the jury could reasonably infer the cause of the accident. On motion for summary judgment, the party moved against is not required to file any opposing affidavits, but if the record establishes no issue of material fact "then it does become incumbent upon the party against whom the judgment is sought to demonstrate, by affidavit or otherwise, the existence of an issue of material fact in order to avoid having a summary judgment rendered against him." Connell v. Sledge, 306 So.2d 194, 196 (Fla. 1st DCA 1975). Accordingly, the trial court properly entered summary judgment for defendants in this case.
Affirmed.
SCHEB, A.C.J., SANDERLIN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.