528 So.2d 969 (1988)
Irene S. BIANCHI and Joseph Bianchi, Her Husband, Appellants,
v.
David R. GARBER and Beatrice Garber, His Wife, Appellees.
No. 87-0191.
District Court of Appeal of Florida, Fourth District.
July 20, 1988.
Gerald M. Kuchinsky of Gerald M. Kuchinsky, P.A., Coral Springs, for appellants.
Samuel Tyler Hill of Hill, Neale and Riley, Fort Lauderdale, for appellees.
WALDEN, Judge.
This is a slip/trip and fall negligence action. Irene Bianchi was delivering a publication, the Green Haven Gazette, to the home of Mr. and Mrs. Garber when Mrs. Bianchi slipped or tripped and fell on their walkway as she approached their door. It was nighttime and the walkway was poorly lighted. Mrs. Bianchi was personally injured.
The trial court granted summary final judgment in favor of Mr. and Mrs. Garber. Mrs. Bianchi appeals. We reverse because there were genuine issues of material fact which disqualified the Garbers from being entitled to judgment, as a matter of law.
The Complaint alleged that the walkway was poorly maintained and poorly lighted and had been painted, which caused it to be unusually slippery. The Garbers answered the Complaint, denying that Mrs. Bianchi was a business invitee and asserting that Mrs. Bianchi was a trespasser and was comparatively negligent. Thereafter the Garbers moved for summary judgment on the grounds that Mrs. Bianchi stated in her deposition that she did not know what caused her to fall. Mrs. Bianchi responded to the motion for summary judgment asserting that there were genuine issues of fact regarding the duty owed to her as a business invitee, whether there was sufficient lighting on the walkway to illuminate the concrete wall, whether the walkway was negligently maintained, whether the defendants either knew or should have known of these conditions and whether the conditions of the walkway established a breach of a duty of care owed to the plaintiff. The court denied the Garbers first motion for summary judgment. Subsequently, the Garbers renewed the motion citing to Adkins v. Economy Engineering Co., 495 So.2d 247 (Fla. 2d DCA), rev. denied, 503 So.2d 326 (Fla. 1987), as authority for granting their motion on the basis that, since Mrs. Bianchi did not know what caused her to fall, there was no evidence of negligence by the defendants. The court granted Garbers' motion citing to the Adkins case.
Adkins involved the affirmance of a final summary judgment for defendants in a products liability case. The plaintiff fell from a scissors lift work platform and, due to head injuries sustained from the fall, he had no recollection of what caused his accident. Because there were no witnesses or other evidence as to the circumstances of the plaintiff's fall, and the plaintiff himself did not know what caused his fall, the trial *970 court found that there was no evidence that could give rise to a finding of negligence by the defendant and the appellate court affirmed that finding.
Unlike Adkins, Mrs. Bianchi responded to the renewed motion for summary judgment by filing a second affidavit describing the circumstances of her fall. The second affidavit states that, because it was dark outside and the walkway of the defendant's home was poorly lit, the edge of a small cement wall located in the walkway was not visible to Mrs. Bianchi and she tripped over it when she approached the defendants' house to deliver their paper. She stated that she either tripped over the wall, which she could not detect in the darkness, or else she slipped on the paved walkway, which was unusually slippery.
Mrs. Bianchi has alleged facts and presented evidence of the circumstances of her fall from which a jury could find that the defendants' negligence was the proximate cause and that evidence precluded a summary judgment grounded on the Adkins decision. See Fletcher v. Petman Enterprises, Inc., 324 So.2d 135 (Fla. 3d DCA 1975), where a restaurant patron sued for damages resulting from a fall outside the restaurant. Although the patron could not explain how she came to fall, she alleged, among other things, inadequate lighting in the area where she fell. The appellate court reversed summary judgment entered in favor of the restaurant noting:
In addition, we note that although plaintiff was unable to recall precisely what caused her fall, this fact would not entitle defendants to summary judgment in that the record reveals plaintiff fell to the driveway directly below the steps and the jury would be entitled to consider, without speculating, and draw all reasonable inferences from the pertinent evidence as to the proximate cause of plaintiff's injuries. See Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959).
324 So.2d at 136. Similarly, in Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959), the plaintiff provided sworn statements that she did not know or was not sure how she came to fall downstairs at the defendant kennel club and the trial court found this insufficient to establish a cause for her accident and granted summary judgment in favor of the kennel club. The appellate court reversed, stating:
The burden is upon the party moving for a summary judgment. Such party must make it appear that he is entitled to a judgment as a matter of law. Insofar as factual matters are concerned, doubts and inferences must be resolved against the mover. The defendant's negligence in keeping and maintaining the steps in the manner described having been, on the motion for summary judgment, established, the question of whether such negligence was the proximate cause of the plaintiff's injury could be proven as conclusively by circumstantial as by parole evidence. Were this not the rule, the survivors of one killed in an accident where there are no eye witnesses would be precluded from recovery. Moreover, one rendered unconscious by an injury or having no knowledge of its cause or how it occurred would be placed in an untenable position with reference to proof. Circumstantial evidence, therefore, is clearly admissible. Where, as here, a prima facie case of negligence on the part of the defendant is made to appear, and the plaintiff's injury is clearly shown, a jury would be entitled, without speculating to draw reasonable inferences from all pertinent and lawful evidence. It would certainly be reasonable to infer or to assume that the injured party in this cause did not deliberately and designedly fall... .
Summary Judgments have made a very substantial contribution to the speedy and efficient administration of justice in this State but, as the Supreme Court has often pronounced, the right to trial by jury is a concept so deeply imbedded in our jurisprudence that only in those cases where there is no issue whatever of a material fact and it is made to appear that the moving party is entitled to a judgment as a matter of law should one be granted. [Footnotes omitted.]
Id. at 533-534.
The record contains circumstantial evidence establishing a prima facie case of *971 negligence. Machin v. Royale Green Condominium Association, 507 So.2d 646, 648 (Fla. 3d DCA 1987) (citing Goode v. Walt Disney World Co., 425 So.2d 1151, 1155 (Fla. 5th DCA 1982): "[C]ircumstantial evidence as to proximate cause is sufficient to allow the case to go to the jury where a prima facie case of negligence exists"). Material fact questions exist concerning Mrs. Bianchi's status on Garbers' property, the sufficiency of the lighting and maintenance of their walkway at the time she was delivering the paper and whether those conditions were below the standard of care owed to Mrs. Bianchi. Those questions preclude summary judgment. See Tidwell v. Southland Corporation, 417 So.2d 315 (Fla. 1st DCA 1982) (where summary judgment for the defendant corporation was reversed, the appellate court, finding disputed issues of fact or disputed inferences rising from the facts as to the condition of the path and the sufficiency of lighting on the path where the plaintiff tripped and fell while jogging at nighttime, precluded summary judgment); Monroe v. Badanes, 359 So.2d 913 (Fla. 3d DCA 1978); Robinson v. Kiwanis Club of Delray Beach, 265 So.2d 387 (Fla. 4th DCA 1972) (Evidence as to quality and quantity of the lighting at the edge of a parking lot where the invitee plaintiff tripped and fell presented questions for the jury precluding summary judgment in favor of the defendant.); Carter v. Parker, 183 So.2d 3 (Fla. 2d DCA 1966). See generally Wood v. Camp, 284 So.2d 691 (Fla. 1973); Post v. Lunney, 261 So.2d 146 (Fla. 1972); Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Pedreira v. Silva, 468 So.2d 1073 (Fla. 3d DCA 1985).
We reverse the summary final judgment and remand for further proceedings.
HERSEY, C.J., and DELL, J., concur.