OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Appellants suffered an adverse summary judgment in this slip-and-fall case which arose out of personal injuries sustained by Mr. Foltz when he fell on premises owned by appellee. Because we discerned in the record factual issues relating both to negligence and proximate cause, we reverse.
To say the least, this was not the ordinary slip-and-fall case. Mr. Foltz was gratuitously assisting his friend, the appellee, in reroofing the sloped portion of the latter’s two-story residence. They were in the process of removing a tarp which had been nailed to the plywood sheathing, ap-pellee at the upper part of the roof and Foltz at the lower part near the eave. As each removed a nail the tarp would be rolled some three feet to the next nail, which would then be removed and the process repeated. Some leaks in the tarp had permitted rain water under the tarp and onto the surface of the plywood. When approximately half of the forty-foot length of tarp had been rolled Foltz slipped. There were no safety lines or devices to prevent him from falling over the edge of the roof. He was uncertain as to whether his slip was due to appellee’s placing tension on the tarp while Foltz still had a foot on it, or whether it was caused by the slippery condition of the plywood sheeting due to its being wet. For whatever reason, he slid down on his buttocks and off the edge of the roof falling twenty feet to the ground.
Appellee’s motion for summary judgment was premised on Foltz’s inability to give direct testimony as to any actions on the part of appellee which caused Foltz to fall. Even were that the case (a matter which we think the record does not clearly show) summary judgment would not be an appropriate disposition in view of the circumstantial evidence supporting an inference of negligence on the part of appellee. See, e.g., Bianchi v. Garber, 528 So.2d 969 (Fla. 4th DCA 1988). It appears from the transcript of the hearing on the motion for summary judgment that the trial court viewed the complaint as being based solely upon an alleged breach of a landowner’s duty to an invitee. From there, the court reasoned that, since every danger was as readily apparent to Foltz as it was to appel-lee, the latter had no duty to warn Foltz of the dangerous conditions.[1] Despite the court’s conclusion that Foltz should have known that water would get under the tarp and cause the plywood sheathing to be slippery, the record discloses a fact issue as to whether appellee warned Foltz of this *180 condition and, if not, whether appellee had or should have had knowledge of it greater than that of Foltz. We also note that the complaint alleges and the available evidence supports an inference of negligence on the part of appellee in the performance of the work as a proximate cause of Foltz’s injuries, an allegation of negligence separate and distinct from that alleged on the basis of the landowner-invitee relationship.
REVERSED AND REMANDED.
ANSTEAD and WALDEN, JJ., concur.

. Although this disposition was on a ground not set forth in the motion for summary judgment, that is not made an issue here,