PER CURIAM.
Based on the following analysis, we reverse the trial court’s dismissal with prejudice of the fraud and conspiracy counts. We affirm the summary judgment appealed which held the defendants liable under a promissory note.
As to defendants’ arguments contesting the entry of summary judgment, we find only two points raised merit discussion. First, the promissory note did not require documentary stamps be paid upon it before recovery could be had on the note since the note was brought to Florida solely for collection. See 1980 Op.Att’y Gen. Fla. 080-79 (Sept. 24, 1980) (where a promissory note was not “made, executed, delivered, sold, transferred, or assigned in the state” as required by section 201.08, Florida Statutes (1979), the documentary stamp tax cannot be imposed). See also Rainey v. Department of Revenue, 354 So.2d 387 (Fla. 1st DCA 1977) (where an otherwise taxable transaction is not completed in its essential elements in Florida, the resulting promissory note is not subject to documentary tax), cert. denied, 360 So.2d 1248 (Fla.1978).
Second, we reject defendants’ claim that the summary judgment is reversible because the motion seeking that judgment was served by mail twenty-one days before the hearing on the motion when the Florida Rules of Civil Procedure require that there be twenty-five days’ notice. Fla.R.Civ.P. 1.510(c) and 1.090(e). The defendants waived any objection to the timeliness of the service by timely filing affidavits opposing the summary judgment motion. See Blatch v. Wesley, 238 So.2d 308 (Fla. 3d DCA), cert. denied, 240 So.2d 645 (Fla.1970); Bernard Marko & Assoc., Inc. v. Steele, 230 So.2d 42 (Fla. 3d DCA 1970). It is thus evident that the timeliness of notice was adequate and the rule served its purpose; accordingly, any error in this regard was harmless since the defendants can point to no demonstrable prejudice.
Finally, we reverse the trial court’s dismissal of the fraud and conspiracy counts without leave to amend. The present amended complaint makes sufficient allegations to demonstrate that the plaintiff can further amend the complaint to adequately state actionable claims without prejudice to the defendants. See Osborne v. Delta Maintenance and Welding, Inc., 365 So.2d 425 (Fla. 2d DCA 1978); Enstrom v. Dixon, 354 So.2d 1251 (Fla. 4th DCA 1978); Wackenhut Protective Sys. v. Key Biscayne Commodore Club Condominium I, Inc., 350 So.2d 1150 (Fla. 3d DCA 1977).
Affirmed in part, reversed in part and remanded.