676 So.2d 981 (1996)
Irma WONG, as Personal Representative of the Estate of Pedro Blanco, Deceased, Appellant,
v.
CROWN EQUIPMENT CORPORATION and Life Systems, Inc., Appellees.
Nos. 95-663, 95-631.
District Court of Appeal of Florida, Third District.
February 28, 1996.
Rehearing Denied August 8, 1996.
Henry T. Courtney and Patrick B. Burke, Miami, for appellant.
Caldwell & Carroll; James C. Blecke; Hardy Bissett & Lipton and G. William Bissett, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the plaintiff Irma Wong, as personal representative of the estate of Pedro Blanco, from an adverse final summary judgment entered in a wrongful death products liability action. We find no merit in the points raised on appeal and affirm.
First, the plaintiff contends that the summary judgment appealed from is procedurally defective because the defendants' motion for summary judgment did not state with particularity a ground which was urged at the hearing on the motion for summary judgment. It appears that defendants' counsel argued at the summary judgment hearing that because there were no eye witnesses to the subject accident, it would be impossible *982 for the plaintiff to show that the allegedly defective product was the proximate cause of the injuries sustained by the plaintiff's decedent. Although it is true that this ground is not stated with particularity in the defendants' motion for summary judgment, the plaintiff's counsel did not object to the argument at the summary judgment hearing nor did he ask for a continuance so that he might prepare to meet this "new" argument. Instead, plaintiff's counsel responded to the argument based on the record before the court, and did not raise the subject point until after the trial court had granted the summary judgment, at which time he belatedly filed a motion for rehearing and claimed surprise. Under these circumstances, we conclude that the plaintiff has waived any procedural irregularity in the motion for summary judgment. See, e.g., Ultimate Corp. v. CG Data Corp., 575 So.2d 1338 (Fla. 3d DCA 1991); Leviton v. Philly Steak-Out, Inc., 533 So.2d 905 (Fla. 3d DCA 1988); Samuels v. Magnum Realty Corp., 431 So.2d 241 (Fla. 1st DCA 1983); Burns v. Consolidated Am. Ins. Co., 359 So.2d 1203, 1206 (Fla. 3d DCA 1978); Fuller v. General Motors Corp., 353 So.2d 1236 (Fla. 3d DCA), cert. denied, 361 So.2d 832 (Fla.1978); Bartlett Constr., Inc. v. Coastal Plains, Inc., 353 So.2d 892 (Fla. 3d DCA 1977); cf. Locke v. State Farm Fire & Casualty Co., 509 So.2d 1375 (Fla. 1st DCA 1987).
Second, the plaintiff contends that on the record before the trial court the defendants were not otherwise entitled to summary judgment. The trial court in the order granting summary judgment for the defendants stated:
"Pedro Blanco, the decedent, allegedly fell from a piece of equipment known as a `stockpicker.' There were no eyewitnesses to the alleged accident. The decedent did not recover consciousness and was unable to explain what happened. This action seeks recovery from defendants on a products liability theory.
In Adkins v. Economy Engineering Co., 495 So.2d 247 (Fla. 2nd D.C.A.1986), a case in similar posture to the instant action, the court stated: `Because there is no competent evidence, direct or circumstantial, concerning the cause of the fall or where plaintiff was located or what he was doing when he fell, for plaintiff's cause of action to succeed it must be assumed that plaintiff was standing on the platform inside the railing, that for some reason he fell, and that the railings were too low to prevent his falling over the railings to the pavement below. However, other equally reasonable assumptions are possible, such as that plaintiff was sitting or standing or climbing on the railings, in which case the alleged low height of the railings would have had no effect on preventing the fall.
The plaintiff has the burden of proving his cause of action. In this case the record before the trial court failed to show the existence of any facts from which the jury could reasonably infer the cause of the accident.'
The same situation exists in the case sub judice. The only evidence plaintiff has produced is from an expert who opines that the piece of equipment can be made safer. While this may be the case, no evidence exists to sustain plaintiff's burden as to how the accident happened. In the absence of this evidence, plaintiff's cause of action must fail. See also Kroon v. Beech Aircraft Corp., 628 F.2d 891 (U.S.Ct. of Ap. 5th Cir.1980). Plaintiff's reliance on Brown v. Glade & Grove Supply, Inc., 647 So.2d 1033 (Fla. 4th D.C.A.1995) is misplaced.
Based on the foregoing, this Court concludes that no issue of material fact remains and that defendants are entitled to judgment as a matter of law. Defendants Motions for Summary Judgement are granted."
R. 281.
We entirely agree with the trial court and disagree with the plaintiff. The record demonstrates that the plaintiff's decedent used the stockpicker to elevate himself about fifteen feet to access himself to certain shelves in a warehouse so that he could retrieve and replace certain merchandise on the shelves onto which he routinely walked.
*983 On the day in question, he was found unconscious on the warehouse floor near the stockpicker, without the lanyard and safety belt provided for use with the stockpicker, and with massive head injuries from which he eventually died. It is, of course, a fair inference that he fell from a height to his death, but it is impossible to tell whether he fell from the stockpicker or an adjacent shelf or what he was doing just before he fell because no one witnessed how this accident happened; moreover, the plaintiff has no accident reconstruction expert in the case. It was, therefore, impossible for the plaintiff to prove that the alleged defect in the stockpicker was in any way causally related to the plaintiff decedent's fall; accordingly, the trial court properly entered summary judgment for the defendants. F & R Builders v. Lowell Dunn Co., 372 So.2d 468 (Fla.1979); Food Fair Stores of Fla., Inc. v. Patty, 109 So.2d 5 (Fla.1959); Voelker v. Combined Ins. Co. of America, 73 So.2d 403 (Fla.1954); Adkins v. Economy Eng'g Co., 495 So.2d 247 (Fla. 2d DCA 1986), rev. denied, 503 So.2d 326 (Fla.1987).
Affirmed.
HUBBART and JORGENSON, JJ., concur.
SCHWARTZ, Chief Judge (dissenting).
Blanco was found unconscious on the floor a short distance away from a fifteen-foot high "stockpicker" upon which he had been working and which was not equipped with the means reasonably required to prevent a fall. In my opinion, it is clear that these undisputed facts give rise to an eminently reasonable inference that he fell from the equipment at least partly because of the absence of those safety devices. See American Aerial Lift, Inc. v. Perez, 629 So.2d 169 (Fla. 3d DCA 1993), review denied, 659 So.2d 1085 (Fla. 1995). The point is made by a whole series of Florida decisions which are conceptually indistinguishable from the present one. In the leading case of Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959), cert. denied, 122 So.2d 408 (Fla.1960), the court reversed a summary judgment entered on the ground that she could not say why she fell, against an invitee who had been injured on an allegedly defective stairway. Speaking through Justice Drew, the court stated:
The burden is upon the party moving for a summary judgment. Such party must make it appear that he is entitled to a judgment as a matter of law. Insofar as factual matters are concerned, doubts and inferences must be resolved against the mover. The defendant's negligence in keeping and maintaining the steps in the manner described having been, on the motion for summary judgment, established, the question of whether such negligence was the proximate cause of the plaintiff's injury could be proven as conclusively by circumstantial as by parole evidence. Were this not the rule, the survivors of one killed in an accident where there are no eye witnesses would be precluded from recovery. Moreover, one rendered unconscious by an injury or having no knowledge of its cause or how it occurred would be placed in an untenable position with reference to proof. Circumstantial evidence, therefore, is clearly admissible. Where, as here, a prima facie case of negligence on the part of the defendant is made to appear, and the plaintiff's injury is clearly shown, a jury would be entitled, without speculating, to draw reasonable inferences from all pertinent and lawful evidence. It would certainly be reasonable to infer or to assume that the injured party in this cause did not deliberately and designedly fall. [e.s.] (footnotes omitted)
Majeske, 117 So.2d at 533-34. Similarly, we said in Fletcher v. Petman Enters., Inc., 324 So.2d 135 (Fla. 3d DCA 1975):
[W]e note that although plaintiff was unable to recall precisely what caused her fall, this fact would not entitle defendants to summary judgment in that the record reveals plaintiff fell to the driveway directly below the steps and the jury would be entitled to consider, without speculating, and draw all reasonable inferences from the pertinent evidence as to the proximate cause of plaintiff's injuries.
Fletcher, 324 So.2d at 136; accord Tucker Bros., Inc. v. Menard, 90 So.2d 908 (Fla. 1956) (evidence that child came home inexplicably *984 burned and that landowner had smoldering fire on nearby lot justified inference that fire caused burns despite lack of testimony that the child was seen on the lot); Bianchi v. Garber, 528 So.2d 969 (Fla. 4th DCA 1988) (reversing summary judgment for landowner where plaintiff did not know what caused her to fall); Goode v. Walt Disney World Co., 425 So.2d 1151 (Fla. 5th DCA 1982) (reversing defense summary judgment in unwitnessed drowning incident in which child was found dead in a waterway surrounded by an unreasonably low fence), pet. for review denied, 436 So.2d 101 (Fla.1983); Roach v. Raubar, 362 So.2d 84 (Fla. 3d DCA 1978) ("Under the circumstances of this case, the jury would be entitled to find that the plaintiff's fall was occasioned by the defective condition inasmuch as the evidence shows that the fall occurred at the time and place where the defective condition existed.").
In any case, the defendants have surely not carried their burden, as is required to justify summary judgment, conclusively to demonstrate that their for-these-purposes-admittedly negligent failure to protect an employee from falling from their equipment played no part in his entirely foreseeable death. See Visingardi v. Tirone, 193 So.2d 601 (Fla.1966); Holl v. Talcott, 191 So.2d 40 (Fla.1966); Majeske, 117 So.2d at 531. As for the court's quite speculative suggestions that Blanco may have fallen in some other quite unlikely way, op. at 983,
[i]t was not necessary for the plaintiff below to exclude the existence of other reasonable inferences of non-negligent causation in order to avert entry of a summary judgment. As pointed out in Voelker, 73 So.2d at 406:
... if the circumstances established by the evidence be susceptible of a reasonable inference or inferences which would authorize recovery and are also capable of an equally reasonable inference, or inferences, contra, a jury question is presented.
Goode, 425 So.2d at 1156.
I would reverse for trial.