PER CURIAM.
This is an appeal by the plaintiff Irma Wong, as personal representative of the estate of Pedro Blanco, from an adverse final summary judgment entered in a wrongful death products liability action. We find no merit in the points raised on appeal and affirm.
First, the plaintiff contends that the summary judgment appealed from is procedurally defective because the defendants’ motion for summary judgment did not state with particularity a ground which was urged at the hearing on the motion for summary judgment. It appears that defendants’ counsel argued at the summary judgment hearing that because there were no eye witnesses to the subject accident, it would be impossible *982 for the plaintiff to show that the allegedly defective product was the proximate cause of the injuries sustained by the plaintiffs decedent. Although it is true that this ground is not stated with particularity in the defendants’ mbtion for summary judgmént, the plaintiffs counsel did not object to the argument at the summary judgment hearing nor did he ask for a continuance so that he might prepare to meet this “new” argument. Instead, plaintiffs counsel responded to the argument based on the record before the court, and did not raise the subject point until after the trial court had granted the summary judgment, at which time he belatedly filed a motion for rehearing and claimed surprise. Under these circumstances, we conclude that the plaintiff has waived any procedural irregularity in the motion for summary judgment. See, e.g., Ultimate Corp. v. CG Data Corp., 575 So.2d 1338 (Fla. 3d DCA 1991); Leviton v. Philly Steak-Out, Inc., 533 So.2d 905 (Fla. 3d DCA 1988); Samuels v. Magnum Realty Corp., 431 So.2d 241 (Fla. 1st DCA 1983); Burns v. Consolidated Am. Ins. Co., 359 So.2d 1203, 1206 (Fla. 3d DCA 1978); Fuller v. General Motors Corp., 353 So.2d 1236 (Fla. 3d DCA), cert. denied, 361 So.2d 832 (Fla.1978); Bartlett Constr., Inc. v. Coastal Plains, Inc., 353 So.2d 892 (Fla. 3d DCA 1977); cf. Locke v. State Farm Fire & Casualty Co., 509 So.2d 1375 (Fla. 1st DCA 1987).
Second, the plaintiff contends that on the record before the trial court the defendants were not otherwise entitled to summary judgment. The trial court in the order granting summary judgment for the defendants stated:
“Pedro Blanco, the decedent, allegedly fell from a piece of equipment known as a ‘stockpicker.’ There were no eyewitnesses to the alleged accident. The decedent did not recover consciousness and was unable to explain what happened. This action seeks recovery from defendants on a products liability theory.
In Adkins v. Economy Engineering Co., 495 So.2d 247 (Fla. 2nd D.C.A.1986), a case in similar posture to the instant action, the court stated:
‘Because there is no competent evidence, direct or circumstantial, concerning the cause of the fall or where plaintiff was located or what he was doing when he fell, for plaintiffs cause of action to succeed it must be assumed that plaintiff was standing on the platform inside the railing, that for some reason he fell, and that the railings were too low to prevent his falling over the railings to the pavement below. However, other equally reasonable assumptions are possible, such as that plaintiff was sitting or standing or climbing on the railings, in which case the alleged low height of the railings would have had no effect on preventing the fall.
The plaintiff has the burden of proving his cause of action. In this case the record before the trial court failed to show the existence of any facts from which the jury could reasonably infer the cause of the accident.’
The same situation exists in the case sub judice. The only evidence plaintiff has produced is from an expert who opines that the piece of equipment can be made safer. While this may be the case, no evidence exists to sustain plaintiffs burden as to how the accident happened. In the absence of this evidence, plaintiffs cause of action must fail. See also Kroon v. Beech Aircraft Corp., 628 F.2d 891 (U.S.Ct. of Ap. 5th Cir.1980). Plaintiffs reliance on Brown v. Glade & Grove Supply, Inc., 647 So.2d 1033 (Fla. 4th D.C.A.1995) is misplaced.
Based on the foregoing, this Court concludes that no issue of material fact remains and that defendants are entitled to judgment as a matter of law. Defendants Motions for Summary Judgement are granted.”
R. 281.
We entirely agree with the trial court and disagree with the plaintiff. The record demonstrates that the plaintiffs decedent used the stockpicker to elevate himself about fifteen feet to access himself to certain shelves in a warehouse so that he could retrieve and replace certain merchandise on the shelves onto which he routinely walked. *983 On the day in question, he was found unconscious on the warehouse floor near the stock-pieker, without the lanyard and safety belt provided for use with the stockpieker, and with massive head injuries from which he eventually died. It is, of course, a fair inference that he fell from a height to his death, but it is impossible to tell whether he fell from the stockpieker or an adjacent shelf or what he was doing just before he fell because no one witnessed how this accident happened; moreover, the plaintiff has no accident reconstruction expert in the case. It was, therefore, impossible for the plaintiff to prove that the alleged defect in the stock-picker was in any way causally related to the plaintiff decedent’s fall; accordingly, the trial court properly entered summary judgment for the defendants. F & R Builders v. Lowell Dunn Co., 372 So.2d 468 (Fla.1979); Food Fair Stores of Fla., Inc. v. Patty, 109 So.2d 5 (Fla.1959); Voelker v. Combined Ins. Co. of America, 73 So.2d 403 (Fla.1954); Adkins v. Economy Eng’g Co., 495 So.2d 247 (Fla. 2d DCA 1986), rev. denied, 503 So.2d 326 (Fla.1987).
Affirmed.
HUBBART and JORGENSON, JJ., concur.