SCHWARTZ, Chief Judge
(dissenting).
Blanco was found unconscious on the floor a short distance away from a fifteen-foot high “stockpieker” upon which he had been working and which was not equipped with the means reasonably required to prevent a fall. In my opinion, it is clear that these undisputed facts give rise to an eminently reasonable inference that he fell from the equipment at least partly because of the absence of those safety devices. See American Aerial Lift, Inc. v. Perez, 629 So.2d 169 (Fla. 3d DCA 1993), review denied, 659 So.2d 1085 (Fla.1995). The point is made by a whole series of Florida decisions which are conceptually indistinguishable from the present one. In the leading case of Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959), cert. denied, 122 So.2d 408 (Fla.1960), the court reversed a summary judgment entered on the ground that she could not say why she fell, against an invitee who had been injured on an allegedly defective stairway. Speaking through Justice Drew, the court stated:
The burden is upon the party moving for a summary judgment. Such party must make it appear that he is entitled to a judgment as a matter of law. Insofar as factual matters are concerned, doubts and inferences must be resolved against the mover. The defendant’s negligence in keeping and maintaining the steps in the manner described having been, on the motion for summary judgment, established, the question of whether such negligence was the proximate cause of the plaintiffs injury could be proven as conclusively by circumstantial as by parole evidence. Were this not the rule, the survivors of one killed in an accident where there are no eye witnesses would be precluded from recovery. Moreover, one rendered unconscious by an injury or having no knowledge of its cause or how it occurred would be placed in an untenable position with reference to proof. Circumstantial evidence, therefore, is clearly admissible. Where, as here, a prima facie case of negligence on the part of the defendant is made to appear, and the plaintiffs injury is clearly shown, a jury would be entitled, without speculating, to draw reasonable inferences from all pertinent and lawful evidence. It would certainly be reasonable to infer or to assume that the injured party in this cause did not deliberately and designedly fall, [e.s.] (footnotes omitted)
Majeske, 117 So.2d at 533-34. Similarly, we said in Fletcher v. Petman Enters., Inc., 324 So.2d 135 (Fla. 3d DCA 1975):
[W]e note that although plaintiff was unable to recall precisely what caused her fall, this fact would not entitle defendants to summary judgment in that the record reveals plaintiff fell to the driveway directly below the steps and the jury would be entitled to consider, without speculating, and draw all reasonable inferences from the pertinent evidence as to the proximate cause of plaintiffs injuries.
Fletcher, 324 So.2d at 136; accord Tucker Bros., Inc. v. Menard, 90 So.2d 908 (Fla.1956) (evidence that child came home inexpli- *984 eably burned and that landowner had smoldering fire on nearby lot justified inference that fire caused burns despite lack of testimony that the child was seen on the lot); Bianchi v. Garber, 528 So.2d 969 (Fla. 4th DCA 1988) (reversing summary judgment for landowner where plaintiff did not know what caused her to fall); Goode v. Walt Disney World Co., 425 So.2d 1151 (Fla. 5th DCA 1982) (reversing defense summary judgment in unwitnessed drowning incident in which child was found dead in a waterway surrounded by an unreasonably low fence), pet. for review denied, 436 So.2d 101 (Fla.1983); Roach v. Raubar, 362 So.2d 84 (Fla. 3d DCA 1978) (“Under the circumstances of this case, the jury would be entitled to find that the plaintiffs fall was occasioned by the defective condition inasmuch as the evidence shows that the fall occurred at the time and place where the defective condition existed.”).
In any case, the defendants have surely not carried their burden, as is required to justify summary judgment, conclusively to demonstrate that their for-these-purposes-admittedly negligent failure to protect an employee from falling from their equipment played no part in his entirely foreseeable death. See Visingardi v. Tirone, 193 So.2d 601 (Fla.1966); Holl v. Talcott, 191 So.2d 40 (Fla.1966); Majeske, 117 So.2d at 531. As for the court’s quite speculative suggestions that Blanco may have fallen in some other quite unlikely way, op. at 983,
[i]t was not necessary for the plaintiff below to exclude the existence of other reasonable inferences of non-negligent causation in order to avert entry of a summary judgment. As pointed out in Voelker, 73 So.2d at 406:
... if the circumstances established by the evidence be susceptible of a reasonable inference or inferences which would authorize recovery and are also capable of an equally reasonable inference, or inferences, contra, a jury question is presented.
Goode, 425 So.2d at 1156.
I would reverse for trial.