SHAHOOD, Judge.
This appeal arises from entry of final summary judgment in favor of third party defendant, appellee, Cedar Creek, Inc. We reverse and remand, finding that appellee did not carry its burden of conclusively demonstrating the absence of genuine issues of material fact.
Plaintiff, Palma Maraño (“Maraño”), filed an action for negligence and damages for personal injuries caused by slipping and falling in a pool of water in an area of a shopping mall controlled by appellants as owner/operator and manager. Appellants filed a third party complaint against appellee, tenant, a waterbed furniture company, seeking indemnity, contribution and contractual indemnification. It was alleged that the mall was divided into three “avenues” or corridors and that Maraño slipped in the center corridor. Appellee leased space in the mall adjacent to one of the outer corridors as a retail store and leased space adjacent to the center corridor for use as a storage area. Appellants alleged that appellee was negligent and careless in the operation of their store and showroom area by allowing water to leak from one of the waterbeds onto the floor of the store and onto the common area walkways. Appellee moved for summary judgment against appellants claiming that there was no record evidence to support appellants’ position. The trial court granted appellee’s motion.
In support of its motion for summary judgment, appellee submitted an affidavit of its President, confirming that the waterbed furniture store was located in the outer corridor of the mall and that it was permitted to use space located adjacent to the center corridor as a storage area. Further, the affidavit specifically stated that the storage area contained no waterbeds which had any water and that there had never been a water leak problem at the waterbed location. Thus, ap-pellee maintained that since no waterbeds containing water were stored in the storage area, Marano’s injuries could not have been the result of a leak from a waterbed.
The trial court also considered plaintiffs deposition and that of the sole eyewitness to the accident. In her deposition, plaintiff stated that on the day of the accident she was looking at some desk furniture in a store window of what she thought was a waterbed store. While she acknowledged that she did not see the water on the floor before she fell and did not know where the water came from, she stated that the water accumulation on the floor “was about three to five feet, (a) big puddle of water.”
The eyewitness testified through deposition that she didn’t actually see plaintiff fall, but that she heard a noise and when she turned around, plaintiff was on the ground. The witness had been sitting near where plaintiff fell for a least a half hour prior to plaintiffs fall and did not see any maintenance people doing work in that area or see anyone carrying any type of water. Prior to plaintiffs fall, she saw plaintiff walking close to the store windows, looking in the windows. In particular, she saw plaintiff looking at furniture in a store front, possibly from the waterbed store. The eyewitness stated that the store front had displays of furniture and beds in the window but could not tell whether or not they were waterbeds. The witness noticed that the quantity of water on the floor was “a good foot and a half at least in circumference, and the water was enough that you could have made a splash.” The eyewitness stated that she did not know where the water came from but that the water was clear in color and that the water began at the edge of the store which housed the furniture and extended out at least three feet (or three floor tiles).
It is axiomatic that summary judgment should be cautiously granted in negligence cases. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). The party moving for summary judgment must show conclusively the absence of any genuine issues of material fact. Id. “If the evidence raises any issues of material fact, if it is conflicting, if it will *156 permit different inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.” Id. Further, the trial court must interpret every possible inference in favor of the non-movant. Id. However, while a court must exercise special caution in determining negligence eases on summary judgment, it is nevertheless proper where the moving party has met his burden by demonstrating the absence of negligence on its part. Martinez v. Letica Corp., 617 So.2d 453 (Fla. 3d DCA 1993); McCabe v. Walt Disney World Co., 350 So.2d 814, 815 (Fla. 4th DCA 1977).
Notwithstanding the above standard, appellants urge that through the use of circumstantial evidence, issues of fact existed creating an inference of negligence on appel-lee’s part or at least creating conflicting inferences. Circumstantial evidence as to proximate cause is sufficient to allow a case to go to the jury where a prima facie ease of negligence exists. Bianchi v. Garber, 528 So.2d 969 (Fla. 4th DCA 1988). We agree.
In this case, plaintiff testified that the water accumulation in front of appellee’s storage area was three feet by five feet and the eyewitness testified that the water extended three tile lengths or approximately three feet from the edge of the store front into the common area of the corridor. Further, the eyewitness testified that she had been seated in the mall corridor for at least a half hour prior to plaintiffs fall and did not see any maintenance people working in that area or see anyone carrying any type of water. Although neither plaintiff nor the eyewitness could directly state where the water accumulation came from, appellants suggest that it is logically inferable that the water came from appellee’s storage area.
Appellee, maintains that any inferences of negligence which can be drawn from the above testimony is nullified by the affidavit of its President who stated that the waterbeds in the storage area did not contain water.
The clearly conflicting inferences drawn from the above stated evidence creates genuine issues of material fact which require this court to reverse the granting of summary judgment with directions that this matter proceed to a jury for determination on the merits.
REVERSED AND REMANDED.
STONE and WARNER, JJ., concur.