STONE, J.
We reverse the entry of a final summary judgment in this negligence action against Appellee, the owner of a resort hotel.
Paula Javits, a guest at the hotel, fell at the outdoor shower located on the hotel premises. She was alone; there were no witness to her fall. She admitted in her deposition that she “went blank.” She had no specific recollection of what caused the fall, but stated that the similarity in color between the raised concrete shower platform and the surrounding floor surface affected her ability to see the step. Photographs of the scene were attached to her deposition. Furthermore, in her answers to interrogatories, Javits stated that she tripped over the raised platform, the platform was unmarked and of the same color concrete as the surrounding walk, and the platform seemed to slope which may have contributed to her fall. At the hearing on the hotel’s motion for summary judgment, Javits’ attorney proffered that an expert would be called to testify as to the improper construction of the shower platform.
Summary judgment was granted in favor of the hotel. We reverse because Appellee failed to show the absence of any genuine issue of material fact on the issue of its alleged negligence. See Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Javits’ inability to testify as to the cause of her fall does not mandate summary judgment in the defendant’s favor. See Bianchi v. Garber, 528 So.2d 969 (Fla. 4th DCA 1988). We find the allegation of similar coloring of the different floor surfaces and proffer of expert testimony as to the improper construction of the platform sufficient to raise a genuine issue of material fact as to the hotel’s negligence. See also Sawyer v. Allied Int’l. Holdings, Inc., 707 So.2d 761 (Fla. 2d DCA 1998); Fletcher v. Petman Enters., Inc., 324 So.2d 135 (Fla. 3d DCA 1975); Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959).
Where the record raises a doubt as to the existence of a material issue of fact, particularly in a negligence action, summary judgment must be reversed. See Johnson v. Circle K Corp., 734 So.2d 536 (Fla. 1st DCA 1999); Mejiah v. Rodriguez, 342 So.2d 1066 (Fla. 3d DCA 1977).
Finally, our decision herein is consistent with the numerous opinions that have reversed summary judgment as to a business invitee at a commercial establishment who has alleged that an uneven outdoor floor surface constituted a dangerous condition. See, e.g., Johnson; Rivard v. Grimm, 621 So.2d 580 (Fla. 4th DCA 1993); Coburn v. Delmonico Hotel Corp., 203 So.2d 30 (Fla. 3d DCA 1967).
Accordingly, we reverse the summary judgment and remand for further proceedings.
POLEN and GROSS, JJ., concur.