RAMIREZ, J.
Alicia Simon appeals the entry of an adverse final judgment in a slip and fall case following a directed verdict. We reverse and remand for a new trial because, when the evidence is viewed in the light most favorable to Simon, the jury could have determined that appellee Gables Plaza Condominium Association, Inc.’s negligence caused Simon’s fall.
Simon, a resident of Gables Plaza, tripped and fell in the Gables Plaza parking garage, and sustained serious injuries for which she sued Gables Plaza. At trial, the doorman at Gables Plaza testified that he was aware of problems with the flooring in the garage and admitted that it had “been in disrepair for a pretty long time due to flooding....” He stated that Gables Plaza was aware of the condition. Whenever there was a problem, a rubber mat *554 was placed on top of it. He also testified that the site of the accident was a tile floor covered by a mat; that the tiles were chipped and covered by the mat.
Simon testified that she hit a piece of nylon that was on the floor covering the tiles. On cross-examination, the 85-year old plaintiff, testifying through an interpreter, was asked if she tripped on the edge of the nylon and she said, ‘Tes. I hit the nylon and I bumped into the door.” In granting a directed verdict, the trial court stated that Simon’s testimony was that “she tripped or caught her foot on the edge of the rug,” and there was “no evidence that there was anything wrong with the edge of the rug.”
When reviewing the entry of a directed verdict, an appellate court must view the evidence and all inferences of fact in the light most favorable to the non-moving party. See Owens v. Publix Supermarkets, Inc., 802 So.2d 315, 329 (Fla.2001). The court can only affirm the trial court’s ruling where no proper view of the evidence could sustain a verdict in favor of the non-moving party. Id.
We find that the jury should have been given the opportunity to determine the cause of Simon’s fall based on all the testimony. It is axiomatic that a mat placed on a floor to conceal broken tiles would be evidence of negligence. Even if Simon fell on the edge of the mat, we cannot assume that this was a smooth surface or that the mat was flush against the floor. This case is indistinguishable from Roach v. Raubar, 362 So.2d 84 (Fla. 3d DCA 1978), where the plaintiff testified that she was ascending the steps of an apartment house and that as she reached the top (third) step, she fell. Photographs admitted into evidence showed that the top step was badly broken and damaged with large chunks broken from the lip of the step. Id. The plaintiff did not testify that the broken step caused her to fall. “Under the circumstances of this case, the jury would be entitled to find that the plaintiffs fall was occasioned by the defective condition inasmuch as the evidence shows that the fall occurred at the time and place where the defective condition existed.” Id. at 85.
The case should have been submitted to a jury. The trial court therefore erred in entering a directed verdict in Gables Plaza’s favor.
Reversed and remanded for a new trial.