512 So.2d 1082 (1987)
ALLSTATE INSURANCE COMPANY, Appellant/Cross Appellee,
v.
Lucilla BANDIERA, Appellee/Cross Appellant.
No. 4-86-2142.
District Court of Appeal of Florida, Fourth District.
September 16, 1987.
Motion for Rehearing Denied October 13, 1987.
*1083 Patrick Gent, of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Fort Lauderdale, for appellant/cross appellee.
Michael G. Widoff and John M. Stolfi, of Michael G. Widoff, P.A., Fort Lauderdale, for appellee/cross appellant.
PER CURIAM.
Involved here is the question of whether a passenger in an automobile can benefit from uninsured motorist coverage when, from an unknown source, a concrete cinder block is propelled through the windshield. The trial resulted in a jury verdict for the passenger. We reverse.
The uninsured motorist provision in the policy provided coverage for the passenger if the accident involved a hit and run vehicle which could not be identified. However, neither the driver nor the passenger of the insured vehicle testified that there was a "phantom" car. To the contrary, they testified at trial that they had no idea from where the cinder block came.
The passenger argues that there was a permissible inference that the block somehow originated from other vehicles travelling in front of him and that the jury resolved this question of fact in his favor. However, it is just as plausible that the cinder block was thrown at the car by pedestrians standing at the side of the road. As our Supreme Court has said: "Where circumstantial evidence is relied on in a civil case to prove an essential fact or circumstance essential to recovery, the rule is that the particular inference of the existence of the fact relied on as arising from the circumstances established by the evidence adduced, shall outweigh all contrary inferences to such extent as to amount to a preponderance of all of the reasonable inferences that might be drawn from the same circumstances." Voelker v. Combined Insurance Co. of America, 73 So.2d 403, 405 (Fla. 1954), citing King v. Weis-Patterson Lumber Co., 124 Fla. 272, 168 So. 858 (1936). See also Little v. Publix Supermarkets, Inc., 234 So.2d 132 (Fla. 4th DCA 1970).
If the inference that the block came from another phantom vehicle is inescapable then it may constitute an acceptable premise for the second inference that the driver of that phantom vehicle was negligent. Voelker. However, in the instant case the inference that the block came from, or because of, another vehicle is far from inescapable and is in fact no more than speculation. Accordingly, the insurer should have received a directed verdict in its favor.
The passenger argues, on cross appeal, that the testimony that he gave a different version of the facts to the police officer at the scene, to the effect that the rock had been thrown through his windshield by pedestrians, should have been excluded. However, the error, if any, is harmless inasmuch as our reversal here is not predicated upon that testimony.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT IN ACCORDANCE HEREWITH.
LETTS, DELL and WALDEN, JJ., concur.