TOWBIN SINGER, MICHELE, Associate Judge.
In this case we consider whether the trial court erred in directing a verdict against the plaintiff, Jane Westervelt (“Westervelt”), as to her negligence claims against Thyssenkrupp' Elevator Corporation (“Thyssenkrupp”) and Toscana North Condominium Association, Inc. (“Tosca-na”). Westervelt appeals the directed verdict in favor of Thyssenkrupp and Tos-cana. Because Westervelt presented evidence to support her claims as to whether Thyssenkrupp and/or Toscana were negligently responsible for Westervelt’s injuries, we reverse.
Westervelt worked as a concierge at a Toscana condominium building. Wester-velt was injured as a result of riding in a condominium elevator, which suddenly stopped while traveling from an upper floor to the lobby. Toscana had hired Thyssenkrupp to maintain and repair the condominium elevators. Following West-ervelt’s injuries, she filed a complaint alleging various counts of negligence against Thyssenkrupp and Toscana.
“The standard of review of a trial court’s ruling on a motion for directed verdict is de novo.” Borda v. E. Coast Entm’t, Inc., 950 So.2d 488, 490 (Fla. 4th DCA 2007).
The power to direct a verdict should be exercised with caution, and it should never be granted unless the evidence is of such a nature that under no view which the jury might lawfully take of it, favorable to the adverse party, could a verdict for the latter be upheld. The movant admits every reasonable inference that a jury might fairly and reasonably arrive at favorable to the adverse party.
Id. (quoting Little v. Publix Supermarkets, Inc., 284 So.2d 132, 133 (Fla. 4th DCA 1970)). In Pascale v. Federal Express Corp., 656 So.2d 1351 (Fla. 4th DCA 1995), this court further held:
In negligence cases, a motion for directed verdict should be treated with special caution because it is the function of the jury to weigh and evaluate the evidence. Upon a directed verdict mo *12 tion, the weight of the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. Thus, a trial court should direct a verdict against the plaintiff only if there is no evidence, or reasonable inferences therefrom, upon which a jury may find for the nonmoving party. Accordingly, if there is conflicting evidence if differing reasonable inferences may be drawn therefrom, the directed verdict motion must be denied.
Id. at 1358 (citations omitted).
In this case, Westervelt’s expert, Jack Ennis, testified that within a reasonable degree of engineering probability the accident was the result of a small piece of wood hitting a mechanism of the elevator. Ennis also testified that the installation of chicken wire in the pit would have prevented any wood or other debris from falling onto the elevator and thus, would have prevented this accident. Ennis explained that this procedure is commonly done during the construction phase of a building when workers are frequently bringing construction materials in the elevators. While construction of the building in question had been completed over two years before, the individual units were being sold to buyers in an unfinished state. Both Tos-cana and Thyssenkrupp were aware that many tenants were bringing construction materials in the elevators to finish their respective units. Joe Russo, the Thyssen-krupp employee assigned to maintain and repair the elevators at the Toscana condominium, had noticed wood in the elevator pit, as well as on top of the elevator car. Russo had reported this observation to Toscana.
Based on Ennis’s testimony as well as other evidence at trial, there was sufficient evidence for the jury to have found that the accident was caused by a piece of wood or other debris falling onto a critical piece of the elevator, which then caused the accident. Also based on Ennis’s testimony, the jury could have found that the installation of chicken wire in the elevator pit would have prevented such debris from falling onto an elevator part, and thereby prevented the accident in this case.
One of the elements of a negligence cause of action is a “duty, or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks.” Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla.2003) (quoting Prosser and Keeton on the Law of Torts 164-65 (W. Page Keeton ed., 5th ed. 1984)). “Whether a legal duty exists in a negligence action is a question of law for the court.” Daimler-Chrysler Ins. Co. v. Arrigo Enters., Inc., 63 So.3d 68, 73 (Fla. 4th DCA 2011) (citing Biglen v. Fla. Power & Light Co., 910 So.2d 405, 408 (Fla. 4th DCA 2005)).
Westervelt submitted evidence without objection that Toscana had a duty to maintain its premises. Thus, Toscana’s duty of care was clearly established at trial. Likewise, the evidence at trial established that Thyssenkrupp’s duty of care was to maintain and repair the elevators. Whether or not there was a breach of their respective duties should have been left for the jury to decide. There was sufficient evidence for the jury to have found that Toscana breached its duty by failing to install chicken wire or otherwise prevent debris from falling into the elevator pit. There was also sufficient evidence for the jury to have found that Thyssenkrupp breached its duty as well. Despite Ennis’s opinion that Thyssenkrupp “did nothing wrong,” there was sufficient evidence for the jury to have found that Thyssenkrupp did breach its duty to maintain the elevators by (1) either failing to install the chicken wire or by (2) failing to apprise Toscana of *13 the potential dangers of debris falling into the elevator pit as well as the simple solution of installing chicken wire.
In sum, because a proper view of the evidence could sustain a verdict in favor of Westervelt, we reverse the directed verdict and remand for a new trial.

Reversed and Remanded.

TAYLOR and CIKLIN, JJ., concur.