# First District Court of Appeal
## State of Florida

_____

No. 1D17-2237

_____

State Farm Mutual
Automobile Insurance
Company,

    Appellant,

    v.

Denise Lorraine Hanania,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Tyrie Boyer, Judge.

December 10, 2018

Jay, J.

In this appeal from a final judgment awarding uninsured motorist benefits, we affirm in all respects and write only to address State Farm Mutual Automobile Insurance Company's claim that the trial court erred in denying its motion for directed verdict because Denise Hanania ("Plaintiff") improperly stacked inferences to prove that a phantom motorist's negligence caused the Plaintiff's injuries.

I.

In September of 2008, the Plaintiff was a passenger in a Honda minivan, which was crossing the Buckman Bridge in

Jacksonville. The Buckman Bridge traverses the St. Johns River and carries four lanes of Interstate 295 traffic in each direction. The Plaintiff—and her sister-in-law—were traveling behind two other vehicles in the second of the four travel lanes.

About a mile onto the bridge, all three vehicles came to a sudden stop because a twelve-foot ladder was lying in the middle of their travel lane. Within seconds of the sudden stop, the minivan was struck from behind by a Coca-Cola service van, causing injuries to the Plaintiff.

Before the collision, two witnesses observed a pickup truck in the right emergency lane. According to the Plaintiff, there was a man standing outside the truck who was "focused on the ladder in the road like he was trying to retrieve it." The driver of the pickup truck was never identified.

The Plaintiff brought a negligence claim against Coca-Cola and its driver and an uninsured motorist claim against State Farm. After the Plaintiff settled with Coca-Cola and its driver, a jury trial was held on the Plaintiff's uninsured motorist claim against State Farm.

Following the presentation of the Plaintiff's case, State Farm moved for a directed verdict arguing that (1) there was no evidence that the ladder came from a vehicle other than circumstantial evidence that did not exclude other possible explanations; and (2) even if the ladder came from a vehicle, there was no evidence of a negligent act by the vehicle's owner or operator that caused the ladder to end up on the roadway. The trial court questioned whether there were other plausible—non-vehicular—explanations for the ladder in the road given that the Buckman Bridge was not a pedestrian bridge, that there were no overpasses over the bridge, and that the ladder was located at least a mile along the bridge. When State Farm's counsel replied that a pedestrian could have carried the ladder to that point on the bridge, the trial court rejected that explanation as not being credible and denied State Farm's motion for a directed verdict.

Later, State Farm renewed its motion for a directed verdict. When the court again asked whether there were any plausible theories for how the ladder got on the bridge other than having

come from a vehicle, State Farm's counsel did not offer any additional theories, but argued that the Plaintiff's case rested on three inferences—(1) that the ladder came from a vehicle; (2) that the owner or operator of that vehicle was negligent; and (3) that the negligence caused the ladder to end up on the roadway. State Farm contended that the Plaintiff had to establish the first two inferences to the exclusion of all other reasonable inferences.

Counsel further argued that the ladder could have fallen from a vehicle without any negligence of the owner or operator because the ladder could have been secured by faulty or defective equipment. The trial court found this explanation improbable and denied State Farm's motion.

At the conclusion of the trial, the jury returned a verdict finding the phantom motorist sixty percent at fault and the Coca-Cola driver forty percent at fault. After denying State Farm's renewed motion for directed verdict, the trial court entered a final judgment for the Plaintiff. This appeal followed.

## II.

The trial court's denial of a motion for directed verdict is reviewed de novo. *Broward Exec. Builders, Inc. v. Zota*, 192 So. 3d 534, 536 (Fla. 4th DCA 2016). The "appellate court must view the evidence and all inferences in a light most favorable to the non-movant, and should reverse if no proper view of the evidence could sustain a verdict in favor of the non-movant." *Weinstein Design Grp., Inc. v. Fielder*, 884 So. 2d 990, 997 (Fla. 4th DCA 2004).

> To prove a prima facie case of negligence . . ., circumstantial evidence can be used "as effectively and as conclusively" as direct positive evidence, but if a party "depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences."

*Davie Plaza, LLC v. Iordanoglu*, 232 So. 3d 441, 445 (Fla. 4th DCA 2017) (quoting *Nielsen v. City of Sarasota*, 117 So. 2d 731, 733 (Fla.

3

1960)). "The purpose of this rule against stacking inferences is 'to protect litigants from verdicts based on conjecture and speculation.'" *Broward Exec. Builders*, 192 So. 3d at 537 (quoting *Stanley v. Marceaux*, 991 So. 2d 938, 940 (Fla. 4th DCA 2008)). "In a negligence action, if a plaintiff relies upon circumstantial evidence to establish a fact, fails to do so to the 'exclusion of all other reasonable inferences,' but then stacks further inferences upon it to establish causation, a directed verdict in favor of the defendant is warranted." *Id*.

Here, State Farm claims that the trial court erred in denying its motion for directed verdict on the Plaintiff's uninsured motorist claim because the Plaintiff improperly stacked inferences—based on circumstantial evidence—to prove that a phantom motorist's negligence caused the Plaintiff's injuries. Specifically, State Farm claims that the Plaintiff stacked the following three inferences: (1) an unidentified phantom motor vehicle was carrying the ladder; (2) the owner or driver failed to make reasonable efforts to secure the ladder; and (3) the owner or driver's failure to properly secure the ladder caused it to fall on the roadway.

However, we conclude that there are only two necessary inferences in this case: (1) the ladder fell on the roadway from a phantom motor vehicle; and (2) the ladder fell from the phantom vehicle because the owner or operator failed to properly secure it.

The trial court correctly found that the first inference was established to the exclusion of all other reasonable inferences, based on *Denoia v. Hartford Fire Insurance Co.*, 843 So. 2d 285 (Fla. 3d DCA 2003). In *Denoia*, the Third District held that the plaintiff could seek uninsured motorist benefits for injuries he sustained when his vehicle was struck by a twelve to fifteen-foot steel beam lying in the highway where the only plausible explanation for its being on the roadway was that it had been improperly secured on a truck and had fallen from the truck onto the roadway. *Id*. at 286-87.

The inference in this case was even stronger than in *Denoia* given the location of the twelve-foot ladder in the middle of a traffic lane a full mile onto a busy interstate *bridge* that was inaccessible—by all accounts—to pedestrians. The inference was further bolstered by testimony (1) that a pickup truck had pulled

4

over in the emergency lane; and (2) that the driver of the truck was focused on the ladder as if he was trying to retrieve it, but got in his truck and drove off shortly after the collision occurred.

We also reject State Farm's argument that a directed verdict was mandated by *Allstate Insurance Co. v. Bandiera*, 512 So. 2d 1082 (Fla. 4th DCA 1987). In *Bandiera*, the Fourth District held that a passenger could not recover uninsured motorist benefits for injuries he sustained when a concrete cinder block was propelled through the automobile's windshield, notwithstanding his claim that there was a permissible inference that the block originated from other vehicles traveling in front of him, where it was just as plausible that the block was thrown at the car by pedestrians standing on the side of the road. *Id.* at 1083.

As previously explained, it is simply not plausible that the ladder in this case was thrown onto the bridge by a pedestrian. Because the inference that the ladder came from a phantom vehicle was inescapable, it would constitute an acceptable basis for the second inference that the owner or operator of that vehicle was negligent in failing to properly secure it. The Fourth District recognized as much in *Bandiera* when it observed: "If the inference that the block came from another phantom vehicle is inescapable then it may constitute an acceptable premise for the second inference that the driver of that phantom vehicle was negligent." *Id.*

Once an initial inference has been established to the exclusion of all other reasonable inferences, any further inference based upon the initial inference is permissible if it is reasonable, i.e., if it accords with logic and reason or human experience. *Tillery v. Standard Sand & Silica Co.*, 226 So. 2d 842, 846-48 (Fla. 2d DCA 1969) (citing *Voelker v. Combined Ins. Co. of Am.*, 73 So. 2d 403, 406 (Fla. 1954)). "A jury question is presented when the evidence is susceptible to inference that would allow recovery even though there are opposing inferences that are equally reasonable." *Castillo v. E.I. Du Pont De Nemours & Co.*, 854 So. 2d 1264, 1279 (Fla. 2003); *see also Streeter v. Bondurant*, 563 So. 2d 729, 732 (Fla. 1st DCA 1990) ("It appears . . . that the circumstances established by appellant's evidence are susceptible of a reasonable inference supporting the claim of negligence, and the circumstances are also

susceptible of reasonable inferences which refute the claim. In this situation, a jury issue is presented . . . .").

At a minimum, the inference that the ladder fell from the phantom motor vehicle due to the owner or operator's negligence—as opposed to some other cause such as a product defect—was reasonable. Florida courts have recognized that a truck operator has the responsibility to secure the load the truck is carrying. *Denoia*, 843 So. 2d at 286. Furthermore, the Florida statutes require loads to be secured by multiple methods to prevent them from dropping, falling, or otherwise escaping from the vehicle. *See* §§ 316.520 & 316.525, Fla. Stat. (2008).

Thus, the trial court properly denied State Farm's motion for directed verdict and submitted the case to the jury.

AFFIRMED.

WOLF and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Rhonda B. Boggess of Taylor, Day, Grimm & Boyd, Jacksonville, for Appellant.

Shea T. Moxon of Brannock & Humphries, Tampa; Michael P. Moran of Morgan & Morgan, Jacksonville, for Appellee.