# Third District Court of Appeal

## State of Florida

Opinion filed March 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0793
Lower Tribunal No. 20-26469
_____


**Wal-Mart Stores East, LP,**
Appellant,

vs.

**Elida Maria Garcia Pineda,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

GrayRobinson, P.A., and Jack R. Reiter and Eric M. Yesner and Sydney Feldman D'Angelo, for appellant.

Rubenstein Law, P.A., and Gregory Deutch; Harris Appeals, P.A., and Andrew A. Harris and Grace Mackey Streicher (Palm Beach Gardens), for appellee.


Before EMAS, FERNANDEZ and BOKOR, JJ.

BOKOR, J.

Wal-Mart Stores East, LP ("Walmart"), appeals a final judgment entered in favor of Elida Maria Garcia Pineda. Pineda slipped and fell at a Walmart store, then filed suit for negligence. At the close of Pineda's case-in-chief, her counsel alleged, for the first time, an occurrence of spoliation of evidence that was at least two years old. The trial court expressed great concern with the conduct alleged and gave Walmart about twelve hours to prepare a response before granting an adverse inference jury instruction as sanctions. As explained below, we reverse on two grounds: first, no competent substantial evidence supported the trial court's finding of spoliation, and second, the trial court abused its discretion in denying Walmart an opportunity to present evidence to the jury contesting the adverse inference.

BACKGROUND

On July 13, 2019, Pineda slipped outside the restroom of a Walmart store in Hialeah. Four days later, Pineda, through her counsel, sent Walmart a preservation of evidence letter that specified the date of the incident but not the time. Contacting Walmart's claims manager, Pineda reported the time of the incident as 10:40 PM. In accordance with the reported time and internal policy, Walmart preserved surveillance footage of the area between 9:40 PM to 11:40 PM, from one hour before to one hour after the reported

incident. But these two hours of footage did not show her, or any, accident. Recognizing some anomaly, Walmart reached out to Pineda several times in July, August, and September to confirm that the report was accurate. Pineda failed to respond until September 13, 2019, when Pineda's counsel confirmed that the fall had occurred at 10:40 PM.

At some point in the three months following the accident, Walmart discovered that Pineda fell at 11:45 PM, which was outside the two-hour preservation window triggered by Pineda's reports of the fall occurring at 10:40 PM.[1] Upon such discovery, and without being asked to do so by Pineda, Walmart preserved an additional five minutes of video beyond the scope of Pineda's preservation request. These extra five minutes, documenting 11:42 PM to 11:47 PM, captured her fall.

On December 10, 2020, Pineda requested all extant footage of the fall. In response, Walmart produced both the two-hour block preserved at her direction and the extra five-minute segment as one continuous, two-hour-and-five-minute video with a gap from roughly 11:40 PM to 11:42 PM. A continuity break was readily observable at the 11:40 PM mark and timestamp metadata was embedded in the file.

---

[1] Walmart's retention policy permitted overwriting of unneeded surveillance footage after 30 days, but the video of the fall at 11:45 PM wasn't deleted or recorded over.

On March 7, 2023, nearly two years after Walmart produced the video footage to Pineda, the case proceeded to trial. At the close of Pineda's case-in-chief, her counsel raised, for the first time, the issue of the two-minute gap.[2] Pineda explained that she was "looking for guidance from the Court" to which the court offered, "I'm inclined to give a Valcin instruction."[3] The court commented that the missing chunk was "just like Richard Nixon," and compared it to Watergate. Walmart objected that the issue was waived for not having been raised during the long pendency of the case, and because the case management order both set the close of discovery at fifteen days before trial and deemed "abandoned" any substantive motion not ruled on prior to trial. These objections notwithstanding, the court ordered Walmart to show cause by 7 AM the following morning why it should not impose sanctions based on a finding that the two-minute gap was spoliated. Walmart further objected that it would be hard-pressed to explain the gap on such short notice and without the benefit of a written motion, but to no avail.

---

[2] The missing segment between the initial video footage ending at 11:40 PM and the additional, later-discovered footage beginning at 11:42 PM is two minutes and thirty-five seconds long.

[3] This refers to the burden-shifting instruction contemplated by Public Health Trust of Dade County v. Valcin, 507 So. 2d 596 (Fla. 1987), and Florida Standard Civil Jury Instruction 301.11(b).

The next morning, Walmart could not explain the gap or produce witnesses but nonetheless argued that a spoliation instruction would be improper and unfairly prejudicial. The court ultimately found, without providing factual support, that the footage was edited with the intent to deprive Pineda of the missing two-minute segment and granted an adverse inference instruction mirroring Florida Standard Civil Jury Instruction 301.11(a), as opposed to a Valcin instruction pursuant to 301.11(b). The trial court instructed the jury that:

> If you find Wal-Mart lost, destroyed, mutilated, altered, concealed, or otherwise caused the portion of the surveillance video of the incident to be unavailable while it was within its possession, custody, or control and that a portion of the video of the incident would have been material in deciding the disputed issues in this case, then you may, but are not required to, infer that this evidence would have been unfavorable to Wal-Mart. You may consider this together with the other evidence in determining the issues in the case.

Walmart requested an opportunity to present evidence against the inference, in accord with Florida law, but the trial court denied Walmart's request. After a four-day trial, the jury found in favor of Pineda. Walmart moved for a new trial, which motion was denied. This appeal followed.

## ANALYSIS

We review the grant of an adverse inference jury instruction on spoliation for abuse of discretion. Pena v. Bi-Lo Holdings, LLC, 304 So. 3d

5

1254, 1257 (Fla. 3d DCA 2020). Likewise, we review a ruling admitting or excluding evidence for abuse of discretion. Int'l Sec. Mgmt. Grp., Inc. v. Rolland, 271 So. 3d 33, 44 (Fla. 3d DCA 2018). A trial court abuses its discretion "when the judicial action is arbitrary, fanciful, or unreasonable," meaning that no reasonable jurist "would take the view adopted by the trial court." Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980) (quoting Delno v. Mkt. St. Ry. Co., 124 F.2d 965, 967 (9th Cir. 1942)).

A trial court can't jump to sanctions based on its hunch or supposition that a party did something wrong. Instead:

> Prior to exercising any leveling mechanism due to spoliation of evidence, in Florida, a court must address a three-part threshold inquiry: 1) whether the evidence existed at one time, 2) whether the spoliator had a duty to preserve the evidence, and 3) whether the evidence was critical to an opposing party being able to prove its prima facie case or a defense. Moreover, because a duty to preserve evidence does not exist at common law, the duty must originate either in a contract, a statute, or a discovery request. Finally, the adverse inference instruction does not relieve a party from its burden of proof.

Pena, 304 So. 3d at 1257 (cleaned up). The fact that Pineda waited until the middle of the trial to raise the issue of possible spoliation doesn't relieve her of her burden of demonstrating a prima facie entitlement to relief under the factors identified above.[4] The trial court got it backwards by requiring that

---

[4] Diligent counsel would have recognized the two-minute gap shortly after production of the footage and sought further discovery or raised an

6

Walmart, without any initial showing by the movant, prove the nonexistence of any of the required elements.

Under Florida Rule of Civil Procedure 1.380(f),[5] "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it," a court can instruct the jury that it may presume the information was unfavorable upon finding that the loss was "inten[ded] to deprive another party of the information's use in the litigation." Fla. R. Civ. P. 1.380(f)(2).

Walmart's surveillance footage qualifies as electronically stored information under rule 1.380(f), but the record offers no explanation—and the trial court fails to identify—what "reasonable steps" Walmart "failed to take" toward preserving the two-minute gap or why the circumstances imply an "intent to deprive" her of it. In construing the nearly identical Federal Rule of Civil Procedure 37(e), the Eleventh Circuit held that intent to deprive a

_____

appropriate motion prior to the close of discovery given the video's obvious continuity break and the embedded timestamp data, but that never occurred. Instead, Pineda's counsel waited until after the close of its case to bring this issue to the court's, and Walmart's, attention for the first time.

[5] Effective January 2025, the Florida Supreme Court redesignated the former rule 1.380(e), Failure to Preserve Electronically Stored Information, as 1.380(f). In re Amends. to Fla. Rules of Civ. Proc., 49 Fla. L. Weekly S289, 2024 WL 4983566, at *21 (Fla. Dec. 5, 2024). The proceedings below and the appellate briefs use the now-obsolete 1.380(e) numeration, but this opinion uses 1.380(f), which is current and, for our purposes, interchangeable.

party of evidence is the "equivalent of bad faith." <u>Skanska USA Civil Se. Inc.</u> <u>v. Bagelheads, Inc.</u>, 75 F.4th 1290, 1312 (11th Cir. 2023). Pineda argued, and the trial court concluded, that Walmart intentionally deleted the two-minute gap based on nothing more than the bare fact that it wasn't produced but the subsequent five minutes were. These facts don't support a finding of negligent nonproduction of material evidence that Walmart had a duty to preserve and produce, much less intentional bad faith deprivation as the trial court found here.

All factual findings must be supported by competent, substantial evidence. <u>See</u> <u>Teffeteller v. Dugger</u>, 734 So. 2d 1009, 1018 (Fla. 1999). The fact that footage cannot be produced, in and of itself, is not evidence that Walmart "failed to take reasonable steps to preserve it" as required by rule 1.380(f). To the contrary, the facts presented to the trial court show that Walmart complied with its preexisting record retention policy, communicated with Pineda's counsel regarding the time of incident which Pineda inaccurately reported and confirmed, and even located and produced additional footage that showed the fall. Largely because Pineda delayed raising the issue until the middle of trial years later, the record is silent as to who discovered the extra material, or when, or how and why it was

8

discovered.[6] Additionally, Pineda presented no evidence that the lost footage contained anything of relevance, or that Walmart failed to take reasonable steps to preserve it, or had a duty to preserve it at all.

Based on this record, the trial court's pronouncement that Walmart intentionally spoliated evidence lacked a factual basis and constituted an impermissible stacking of inferences.[7] See Leftwich v. Wal-Mart Stores E., LP, 396 So. 3d 603, 609 (Fla. 5th DCA 2024); Broward Exec. Builders, Inc. v. Zota, 192 So. 3d 534, 537 (Fla. 4th DCA 2016) ("The purpose of this rule against stacking inferences is to protect litigants from verdicts based on conjecture and speculation." (quotation omitted)). The trial court's comments regarding the Watergate scandal also suggest that it prematurely formed an opinion as to Walmart's "guilt," which it then required Walmart to disprove even though Pineda had not made the requisite initial showing. Because the record contains no competent substantial evidence to support the trial court's conclusion that Walmart either negligently failed to retain footage, or, more sinisterly, intentionally deleted and manipulated relevant footage, the trial court abused its discretion in giving the adverse inference instruction. See

---

[6] There is no reason to assume that the facts would be probative of her case even if the record had been more fully developed on these points.

[7] It appears that "no good deed goes unpunished": in Walmart's apparently ongoing attempt to provide discoverable information, it was the very provision of extra footage that triggered Pineda's motion for sanctions.

Hedvall v. State, 283 So. 3d 901, 918 (Fla. 3d DCA 2019) ("A trial court's factual findings must be supported by competent substantial evidence, and findings of law are reviewed *de novo*."); see also Bath Club Ent., LLC v. Residences at the Bath Club Maint. Ass'n, Inc., 348 So. 3d 16, 20 (Fla. 3d DCA 2022) (finding that "the record contains competent substantial evidence to support the trial court's findings regarding BCE's noncompliance and the imposition of sanctions for such noncompliance"). This alone is a basis for reversal.

The trial court further abused its discretion by denying Walmart an opportunity to present evidence opposing the jury's adverse inference. "Lawyers are entitled to argue adverse inferences from the evidence as part of their closing arguments." Jordan ex rel. Shealey v. Masters, 821 So. 2d 342, 347 (Fla. 4th DCA 2002). As the notes on the Florida Standard Civil Jury Instructions explain, the adverse inference instruction "is not intended to limit the trial court's discretion to impose additional or other sanctions." Fla. Std. Jury Instr. (Civ.) 301.11(a) n.1. But it stands to reason that any such additional sanctions would have to be supported by a sufficient factual predicate. Here, without such a predicate, the trial court imposed an additional sanction, denying Walmart its inherent right to present evidence rebutting the inference to the jury. The adverse inference instruction itself

10

"does not rise to the level of a presumption." Id. at n.2. And while the court purported to observe this distinction, having informed the jury that it was "not required" to draw the inference and advising that the missing material could be considered "together with the other evidence," by denying Walmart its right to argue against it the court turned a nominally permissive inference into a de facto adverse determination. See, e.g., Bechtel Corp. v. Batchelor, 250 So. 3d 187, 194 (Fla. 3d DCA 2018) (noting that adverse inferences are "strong medicine" with the inherent risk of invading the province of the jury); Fino v. Nodine, 646 So. 2d 746, 751 (Fla. 4th DCA 1994) (noting that both parties are generally entitled to argue an inference to the jury). An adverse inference arising out of alleged spoliation does not relieve the movant from its burden of proof. Pena, 304 So. 3d at 1257 (citing Golden Yachts, Inc. v. Hall, 920 So. 2d 777, 780 (Fla. 4th DCA 2006)). By denying Walmart an opportunity to present evidence in rebuttal, the court effectively shifted the burden of proof to the nonmovant. This was also an abuse of discretion and an independent basis for reversal.[8]

Reversed and remanded for new trial.

---

[8] Walmart argues that the trial court's rulings amounted to a due process violation. Because we find that the trial court abused its discretion and that Walmart's right to a fair trial was materially impacted, we decline to reach the due process argument.